UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARIN HARPER,               )
      Petitioner,         )
  v.                        )
                               )   Civil Action No. 05-2239 (RBW)
MICHAEL J. GAINES, CHAIRMAN, )
UNITED STATES PAROLE COMMISSION, )
et al.,                     )
      Respondents.        )
                               )

## UNITED STATES PAROLE COMMISSION'S OPPOSITION TO PETITIONER'S *PRO SE* PETITION FOR A WRIT OF HABEAS CORPUS

The United States Parole Commission ('the Parole Commission" or "the Commission"), by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its opposition to petitioner's *pro se* petition for a writ of habeas corpus ("Petition"). Petitioner claims that he has been detained on the Commission's violator warrant long after his sentence has expired. Petitioner also claims that the Commission has violated his due process rights as well as its own procedures by failing to conduct timely probable cause and parole revocation hearings in his case. In reality, petitioner's sentence has not expired, and petitioner was granted a timely probable cause hearing. Although the Commission failed to hold a revocation hearing within the 90 days prescribed by its own regulations, petitioner has now waived his right to such a hearing, mooting any claim arising from the Commission's lapse. Accordingly, for the reasons set forth more fully below, this Court should deny the Petition summarily.

### PROCEDURAL HISTORY

On April 29, 1996, petitioner was sentenced in D.C. Superior Court in Case Nos. F11023-

94 and F4038-94 to an aggregate term of imprisonment of two years and three months to eight years and 30 days for a Bail Reform Act violation and attempted possession with intent to distribute cocaine. *See* Exhibit A, Bureau of Prisons Sentence Monitoring Computation Data, at 5.

While serving this sentence, petitioner escaped on March 10, 1999. *See id.* at 6. Petitioner was apprehended in July, 1999, and subsequently convicted of escape in D.C. Superior Court in Case No. F5629-99 for which he was sentenced on December 17, 1999, to four to 12 months in prison to be served consecutively to his sentences in his 1994 BRA and drug cases. *See* Exhibit A at 5-6.

On December 31, 2002, petitioner was released from prison on mandatory parole to be supervised until March 31, 2005. *See* Exhibit B, parole application and Exhibit C, certificate of mandatory parole. When paroled, petitioner had 821 days remaining to serve on his three criminal cases. *See* Exhibit C.

On September 8, 2003, the Commission revoked petitioner's parole for failing to report a change in his residence to his supervision officer, failing to report to his supervision officer as directed, and violating the law by committing the offense of shoplifting. *See* Exhibit D, notice of action. The Commission forfeited all of the time petitioner had spent on parole and directed that petitioner serve 14 months and be paroled on September 21, 2004. *See id.*

On September 21, 2004, petitioner was again released on parole, and his term of parole supervision was extended until October 15, 2005. *See* Exhibit E, certificate of parole. At the time of his parole, petitioner had 389 days remaining on his sentences. *See* Exhibit A at 4.

Petitioner failed to comply with the conditions of parole, and on December 20, 2004, the

Commission issued a violator warrant for petitioner. *See* Exhibit F. The Commission charged petitioner with absconding from a halfway house, using illegal drugs, failing to submit to drug testing, and failing to report to his supervision officer as directed. *See* Exhibit G. Petitioner was also charged with violating the law by possessing drug paraphernalia and failing to obey a police officer's instruction when he was arrested on December 8, 2004. *See id.*

On September 9, 2005, the U.S. Marshal, Washington, D.C., executed the Commission's violator warrant. *See* Exhibit H. On September 13, 2005, a hearing examiner for the Parole Commission conducted a probable cause hearing and found that there was probable cause to believe that petitioner had violated the conditions of his parole. *See* Exhibit I at 5. Petitioner admitted the charges and also advised the hearing examiner that he had been convicted of violating the Bail Reform Act in case number M1022-05A, and received a sentence of 90 days in prison for that offense. *See id.* at 2-5. Petitioner stated that he completed the 90-day sentence in May, 2005, and that the Commission's warrant should have been executed at that time. *See id.* at 8.

On November 17, 2005, petitioner filed the instant Petition. By letter, dated December 9, 2005, the Commission offered to settle petitioner's parole violation charges with an "expedited revocation procedure." *See* 28 CFR § 2.66; Exhibit J. On December 20, 2005, the Commission scheduled petitioner's revocation hearing for January 18, 2006. *See* Exhibit K. On December 23, 2005, petitioner accepted the Commission's settlement offer, pursuant to which he waived his right to a revocation hearing. *See* Exhibit L, notice of action. In turn, the Commission revoked his parole, forfeited his time on parole, and granted parole on March 4, 2006, after

petitioner serves 13 months.[1]  *See id*.

## ARGUMENT

**I.     There Is No Merit to Petitioner's Claim that His Sentence Has Expired.**

Petitioner claims that his sentence expired on May 3, 2005, and that he is being illegally detained on the Commission's warrant.  This claim is without merit.

When the Commission issues a warrant before the full term date of a sentence, it maintains the Commission's jurisdiction to revoke parole, even if the warrant is later executed after the full term date.  *See* 28 C.F.R. § 2.98(e); *Owens v. Gaines*, 219 F.Supp. 2d 94, 101 (D.D.C. 2002)(if valid warrant is issued before the expiration of the sentence, it "tolls" the expiration of the sentence for the purpose of conducting a revocation hearing); *Martin v. Luther*, 689 F.2d 109, 114 (7th Cir. 1982)(finding Commission's jurisdiction over a parolee maintained as long as violator warrant or summons is issued prior to the expiration of the sentence).

In the instant case, when petitioner was last released on parole on September 21, 2004, he had 389 days remaining on his original sentences, *i.e.*, the full term date of his sentences was October 15, 2005.  *See* Exhibit E.  Thus, the issuance of the Commission's warrant on December 20, 2004, effectively tolled the expiration of petitioner's sentences and maintained the Commission's jurisdiction over petitioner's parole violation charges.

Now that petitioner's parole has been revoked, the balance of his original sentences, 389

---

[1]For setting reparole dates, the Commission counts toward satisfaction of the applicable guideline range any time served in custody for the behavior that is relied upon for revocation. See 28 C.F.R § 2.101.

days, will run from the date the Commission's warrant was executed, September 9, 2005,[2] thus extending the full-term date of his sentences. That is not to say that petitioner cannot receive credit for the 126 days he was incarcerated between the expiration of his misdemeanor BRA sentence in May 3, 2005, and September 9, 2005, when the U.S. Marshal executed the Commission's warrant. If petitioner is correct that the U.S. Marshal unnecessarily delayed executing the Commission's warrant, the Bureau of Prisons, which has the sole authority to compute sentences for prisoners in their custody, may credit those 126 days towards the balance of petitioner's sentences. In which case, petitioner still will have 263 days remaining on his original sentences. Accordingly, petitioner's claim that his sentences have expired is baseless.

II.     **There Is No Merit to Petitioner's Claim that the Commission Denied Him a Timely Probable Cause Hearing.**

Petitioner alleges that the Commission has failed to provide him with the timely probable cause hearing prescribed by *Long v. Gaines*, 167 F.Supp. 2d 75 (D.D.C. 2001), and by the Commission's own regulations. This claim is factually wrong.

*Long* established a "five-day rule," which the Court found to be a reasonable period of time for the Commission to conduct a parole revocation hearing after a parolee had been taken into custody on the basis of a parole violator warrant. *See* 167 F.Supp. 2d at 86. The Court held that this time frame satisfied the due process requirement in *Morrissey v. Brewer*, 408 U.S. 471 (1972), of a prompt determination of probable cause after a parolee is arrested. *Id*.

---

[2]   D.C. Code parolees, whose parole is revoked, do not receive credit for the time spent while on parole. *See* D.C. Code § 24-406(a).

Although the Commission is no longer bound by the injunction order in *Long*,[3] the Commission's regulations also provide for a probable cause hearing within five days of a parolee being retaken on its warrant. *See* 28 C.F.R. § 2.101(a).

In this case, the Commission's parole violator warrant was executed on September 9, 2005, and four days later, on September 13, 2005, the Commission conducted petitioner's probable cause hearing. *See* Exhibit I.. Indeed, at this hearing, petitioner admitted all of the parole violation charges, and at the conclusion of the hearing, the Commission's hearing examiner advised petitioner that there was probable cause to believe that he had violated the conditions of parole. *Id*. Thus, there is no merit to petitioner's claim that the Commission failed to conduct a prompt probable cause hearing in this case.

**III.    Petitioner Is Not Entitled to Release Because of a Delay in Holding His Revocation Hearing**.

Petitioner complains that the Commission has violated his due process rights as well as its own procedures by not conducting a timely revocation hearing. Petitioner has admitted to all of the parole violation charges, thereby waiving his right to a contested local revocation hearing. An uncontested, or institutional, revocation hearing is to be conducted within 90 days of the execution of the Commission's warrant. *See* 28 C.F.R. § 2.101(e). The Commission admits that it failed to give petitioner a revocation hearing within that 90-day period. That delay, standing alone, does not entitle petitioner to release from prison.

The law is well established that the remedy for a delayed parole revocation hearing is for

---

[3]    The injunctive relief was granted in *Long v. Gaines*, 173 F.Supp. 2d 35 (D.D.C. 2001), but was vacated as moot in *Long v. Gaines*, 241 F.Supp. 2d 1 (D.D.C.), *appeal dismissed*, 2002 WL 31898172 (D.C. Cir. 2002).

the Parole Commission to conduct a hearing. *See Sutherland v. McCall*, 709 F.2d 730 at 732 (appropriate remedy for 33-month delay in revocation hearing "is a writ of mandamus to compel the Commission's compliance with the statue not a writ of habeas corpus to compel release on parole or to extinguish the remainder of the sentence."); *Lantion v. U.S. Parole Comm'n.*, 2005 WL 758270, *1 (D.D.C. April 1, 2005)(the available remedy for an untimely hearing is a writ of mandamus directing the Parole Commission to conduct a hearing"); *Bryant v. Grinner*, 563 F.2d 871, 872 (7th Cir. 1977); *Sacasas v. Rison*, 755 F.2d 1533, 1535-36 (11th Cir. 1985). A writ of mandamus is not required here, however, because petitioner has now waived his parole revocation hearing pursuant to an agreement with the Commission to resolve his parole violations.

 Moreover, petitioner's waiver of a revocation hearing moots any claim arising from the Commission's delay, absent a showing of prejudice. *See Sutherland*, *supra*, 709 F.2d at 732; *Crum v. U.S. Parole Comm'n*, 814 F. Supp. 1, 3 (D.D.C.1993). The courts do not sit to adjudicate the merits of a complaint "concerning a controversy which no longer exists and to rule on a question which has become moot and purely academic." *Price v. Wilson*, 32 A.2d 109, 110 (D.C. 1943), quoted in *Banks v. Ferrell*, 411 A.2d 54, 56 (D.C. 1979).

 Accordingly, petitioner's claim based on the Commission's delay in holding a revocation hearing, is moot because petitioner has not shown, or even alleged, that he suffered any prejudice as a result of the delay. *See Sutherland v. McCall*, *supra*, 709 F.2d at 733 (petitioner failed to show that the thirty-three month delay prejudiced his defense at the revocation hearing); *Crum v. U.S. Parole Comm'n.*, 814 F.Supp. 1, 3 (D.D.C. 1993)(delay of hearing, owing in part to the Commission's delay, did not violate offender's rights because he was not prejudiced by the

delay). Plainly, petitioner, having already admitted that he committed the parole violations, cannot show the Commission's delay prejudiced his defense to those charges. Nor can he credibly argue that the minor delay will prolong his confinement because his sentence for the parole violation, 13 months, is still in excess of the time that petitioner has been in custody to date. *See* Exhibit L. Thus, the Parole Commission's regrettable failure to provide petitioner with a revocation hearing in the prescribed 90-day time period does not entitle petitioner to relief in habeas corpus.

## CONCLUSION

For the foregoing reasons, petitioner's application for writ of habeas corpus should be summarily denied.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

_____/s/_____
ROBERT D. OKUN, D.C. Bar No. 457-078
CHIEF, SPECIAL PROCEEDINGS SECTION

_____/s/_____
STEPHEN W. RIDDELL, D.C. Bar No. 357-756
Assistant United States Attorney
555 4th Street, N.W., Room 10-911
Washington, D.C. 20530
(202) 305-4882

CERTIFICATE OF SERVICE

       I HEREBY CERTIFY that service of a copy of the foregoing U.S. Parole Commission's opposition to petitioner's *pro se* petition for a writ of habeas corpus has been served via U.S. mail upon petitioner, Darin D. Harper, *pro se*, DCDC # 206-877, D.C. Department of Corrections, Correctional Treatment Facility, 1901 E Street, S.E., E1B-17, Washington, D.C. 20003. on this the 29th day of December, 2005.

                                      _____/s/_____
                                      STEPHEN W. RIDDELL