UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
DARIN D. HARPER,                    )
                                    )
        Petitioner,                 )
                                    )
    v.                              ) Civil Action No. 05-2239 (RBW)
                                    )
MICHAEL J. GAINES, *et al.*,        )
                                    )
        Respondents.                )
_____ )

MEMORANDUM OPINION

By Order of January 20, 2006, petitioner was advised to respond to respondents' opposition to his petition for a writ of *habeas corpus* by February 24, 2006. He was further advised that if he did not respond within the time provided, the Court would treat respondents' assertions as conceded and may dismiss the case. Petitioner has neither responded to the opposition nor sought additional time to do so. In any event, respondents have provided a basis for denying the petition on the merits.

In the petition filed on November 17, 2005, petitioner claimed that he was being unlawfully detained on a parole violator warrant executed by the United States Parole Commission on September 9, 2005, because his sentence had expired on May 3, 2005. Petitioner also claimed that he had not received a timely probable cause hearing. *See* Emergency Application and Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2243 to Expedite [sic] Emergency Release of [] Petitioner at 5-7. Respondents have demonstrated that the sentence supporting the parole violator warrant had not expired before respondents' issuance of the warrant on December 20, 2004. Rather, petitioner had been released to parole on September

21, 2004, with 389 days remaining on the original sentence.  *See* United States Parole Commission's Opposition to Petitioner's *Pro Se* Petition for a Writ of Habeas Corpus at 4-5 (citing Ex. E).  The parole violator warrant was issued well within that time frame.  Petitioner's detention after execution of the warrant in September 2005 therefore was lawful because "the issuance of a warrant . . . operates to bar the expiration of the parolee's sentence [and] maintains the Commission's jurisdiction to retake the parolee either before or after the normal expiration date of the sentence. . . . 28 C.F.R. § 2.98 (e)(2006).  Moreover, respondents have shown, contrary to petitioner's assertion, that the Commission conducted a timely probable cause hearing on September 13, 2005, four days after execution of the warrant.  *Id*. at 6. (citing Ex. I).  Accordingly, the petition for a writ of *habeas corpus* is denied.[1]

　　　　　　　　　　　　　　　　　　　_____s/_____
　　　　　　　　　　　　　　　　　　　Reggie B. Walton
　　　　　　　　　　　　　　　　　　　United States District Judge

Dated: May 1, 2006

---

[1] A separate order of dismissal accompanies this Memorandum Opinion.